# EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>KRISTINE A KERR | Case Number: 17SL-CC04032 |
|---|---|
| Plaintiff/Petitioner:<br>KEVIN ETZKORN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DENNIS NEIL SMITH JR<br>231 SOUTH BEMISTON<br>STE. 800<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br> 3 DAY BLINDS LLC<br>DBA:  3DB OF MO LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: 3 DAY BLINDS LLC
Alias:
DBA:  3DB OF MO LLC

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>06-NOV-2017</u>
Date                                                                                        _____
                                                                                                            Clerk

Further Information:
LNG

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____      _____
                                    Date                                                    Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $    10.00    |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KEVIN P. ETZKORN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>3 DAY BLINDS LLC, a Delaware limited liability company doing business in Missouri as 3DB of MO LLC, its registered name<br><br>Serve registered agent at:<br>CT Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br><br>    Defendant. | Case No.:<br><br>Div. |

## CLASS ACTION PETITION

COMES NOW Plaintiff Kevin P. Etzkorn ("Etzkorn"), individually, and on behalf of all others similarly situated for her Petition against Defendant 3 Day Blinds LLC ("3 Day Blinds") states:

**Parties, Jurisdiction and Venue**

1.  Etzkorn is an individual who at all times material to this petition resided in St. Louis County, Missouri.

2.  Haas brings this action on behalf of himself and all others similarly situated.

3. 3 Day Blinds is a Delaware limited liability company, registered with the Missouri Secretary of State as 3DB of MO LLC. The latter is in good standing with its principal place of business in the State of Missouri.

4. This Court has personal jurisdiction over 3 Day Blinds because it has solicited business in the State of Missouri, conducts business in the State of Missouri, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri.

5. Venue is proper in this Court because a substantial portion of the events giving rise to the claims asserted in this Petition occurred in St. Louis County, Missouri.

**Background and Facts Common to All Counts**

6. 3 Day Blinds offers products and services relating to custom window coverings, including blinds, shades, shutters, drapes and curtains. These products and services are offered for sale to the general public for purchase.

7. 3 Day Blinds markets its products and services, in part, through text message advertising.

8. Etzkorn is the owner of a cell phone and pays the bill for his cell phone account. His cell phone number is 314-XXX-7222.

9. Etzkorn did not provide 3 Day Blinds prior express written consent to send him text message communications. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he/she will receive text message

2

advertisements from 3 Day Blinds from an automatic telephone dialing system and informing him that he is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

10. Etzkorn had no prior business relationship with 3 Day Blinds.

11. On or about October 24, 2017, Etzkorn received a text message from 3 Day Blinds stating:

> 3 Day Blinds has 40 years of experience providing custom window treatments. Call 888-623-2097 to book your appointment today!

12. The above referenced text message was sent from 816-281-0813 a phone number controlled by 3 Day Blinds.

13. Etzkorn received and viewed the above-referenced text message on his cellular phone.

14. The text message sent to Etzkorn by 3 Day Blinds invaded Etzkorn's privacy and was harassing and annoying.

15. Upon information and belief, 3 Day Blinds sent text messages advertising 3 Day Blinds' services *en masse* to the cell phones of Etzkorn and the putative class members without first obtaining their prior express written consent. Said conduct was harassing and annoying to Etzkorn and the putative class members.

### Count I - Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

16. Etzkorn incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

17. The TCPA states, in part:

3

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

18. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

19. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

20. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

21. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone

4

number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

22. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

23. Etzkorn brings this action pursuant to the provisions of Missouri Supreme Court Rule 52.08 individually, and on behalf of a class defined as:

> All persons in the United States who, from October 27, 2013, to the present, who received at least one text message on their cell phone from 3 Day Blinds and did not provide 3 Day Blinds their prior express written consent to receive such messages.

24. Upon information and belief, 3 Day Blinds used an automatic telephone dialing system to send the text message to the cell phones of Haas and the putative class members. 3 Day Blind's dialing system stored the phone numbers of Etzkorn and the putative class members. The numbers were dialed without human intervention.

25. Upon information and belief, 3 Day Blinds sent text messages to the cell phones of Etzkorn and the putative class members without first obtaining their prior express written consent.

26. By placing calls to the cell phones, in the form of text messages, to Etzkorn and the putative class members without obtaining their prior express written consent, 3 Day Blinds violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(1).

27. 3 Day Blinds knew or should have known that Etzkorn and the putative class members did not provide their prior express written consent to receive text messages on their cell phones.

28. Etzkorn and the putative class members are entitled to damages of $500.00 per text message made by 3 Day Blinds and up to $1,500.00 per text message if the Court finds that 3 Day Blinds willfully violated the TCPA.

29. Upon information and belief, there are hundreds and possibly thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

30. Etzkorn's claims are typical of the class he seeks to represent. Etzkorn and the putative class members were called by 3 Day Blinds through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Etzkorn's claims and the claims and the putative class members' claims are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Etzkorn and the putative class members.

31. There are questions of law and fact common to the class. Common questions include, but are not limited to:

   a. Whether 3 Day Blinds sent text messages to the cell phones of the members of the putative class members without obtaining their prior express written consent to receive said calls;

   b. Whether 3 Day Blinds sent text messages to the cell phones of the putative class members using an automatic text messaging system;

c. Whether 3 Day Blinds' conduct violates 47 U.S.C. § 227(b)(1)(A);

d. Whether 3 Day Blinds' conduct violates the rules and regulations implementing the TCPA; and,

e. Whether Etzkorn and the putative class members are entitled to increased damages based on the willfulness of 3 Day Bllinds' conduct.

32. Etzkorn will fairly and adequately represent the putative class members. Etzkorn has retained counsel experienced in the prosecution of class actions. Etzkorn is committed to vigorously prosecuting the claims presented in this petition. Neither Etzkorn nor Etzkorn's counsel have any interests adverse or in conflict with the absent class members.

33. The questions of law and fact common to the putative class members predominate over any questions of fact affecting any individual member of the proposed class.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

### Demand for Judgment

WHEREFORE Plaintiff Kevn P. Etzkorn, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order, pursuant to Missouri Supreme Court Rule 52.08(b)(3), certifying this action as a class action and appointing Plaintiff Kevin P. Etzkorn as

representative of the class;

b.  Enter an order appointing The Smith Law Firm, LLC, as counsel for the class;

c.  Enter judgment in favor of Etzkorn and the putative-class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if 3 Day Blinds willfully violated the TCPA;

d.  Award Etzkorn and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

e.  Award Etzkorn and the class such further and other relief the Court deems just and appropriate.

Respectfully submitted,
THE SMITH LAW FIRM, LLC

/s/ Neil Smith
Neil Smith, MBN 56789
231 S. Bemiston, Suite 800
Clayton, Missouri 63105
Phone (314) 725-4400
Cellular (314) 974-3266
neil@smithlawfirm.com