**17SL-CC04032**

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| KEVIN P. ETZKORN, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: |
| 3 DAY BLINDS LLC, a Delaware limited liability company doing business in Missouri as 3DB of MO LLC, its registered name | ) ) ) ) ) | Div. |
| Serve registered agent at: CT Corporation System 120 South Central Avenue Clayton, MO 63105 | ) ) ) ) ) | |
| Defendant. | ) | |

### CLASS ACTION PETITION

COMES NOW Plaintiff Kevin P. Etzkorn ("Etzkorn"), individually, and on behalf of all others similarly situated for her Petition against Defendant 3 Day Blinds LLC ("3 Day Blinds") states:

### Parties, Jurisdiction and Venue

1.     Etzkorn is an individual who at all times material to this petition resided in St. Louis County, Missouri.

2.     Haas brings this action on behalf of himself and all others similarly situated.

3.      3 Day Blinds is a Delaware limited liability company, registered with the Missouri Secretary of State as 3DB of MO LLC.  The latter is in good standing with its principal place of business in the State of Missouri.

4.      This Court has personal jurisdiction over 3 Day Blinds because it has solicited business in the State of Missouri, conducts business in the State of Missouri, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri.

5.      Venue is proper in this Court because a substantial portion of the events giving rise to the claims asserted in this Petition occurred in St. Louis County, Missouri.

### Background and Facts Common to All Counts

6.      3 Day Blinds offers products and services relating to custom window coverings, including blinds, shades, shutters, drapes and curtains.  These products and services are offered for sale to the general public for purchase.

7.      3 Day Blinds markets its products and services, in part, through text message advertising.

8.      Etzkorn is the owner of a cell phone and pays the bill for his cell phone account.  His cell phone number is 314-XXX-7222.

9.      Etzkorn did not provide 3 Day Blinds prior express written consent to send him text message communications. As used herein, the term "prior express written consent" means an agreement signed by the recipient containing a clear and conspicuous disclosure informing the recipient that he/she will receive text message

advertisements from 3 Day Blinds from an automatic telephone dialing system and informing him that he is not required to sign such an agreement or agree to enter such an agreement as a condition of purchasing any property or goods.

10. Etzkorn had no prior business relationship with 3 Day Blinds.

11. On or about October 24, 2017, Etzkorn received a text message from 3 Day Blinds stating:

> 3 Day Blinds has 40 years of experience providing custom window treatments. Call 888-623-2097 to book your appointment today!

12. The above referenced text message was sent from 816-281-0813 a phone number controlled by 3 Day Blinds.

13. Etzkorn received and viewed the above-referenced text message on his cellular phone.

14. The text message sent to Etzkorn by 3 Day Blinds invaded Etzkorn's privacy and was harassing and annoying.

15. Upon information and belief, 3 Day Blinds sent text messages advertising 3 Day Blinds' services *en masse* to the cell phones of Etzkorn and the putative class members without first obtaining their prior express written consent. Said conduct was harassing and annoying to Etzkorn and the putative class members.

## Count I -Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

16. Etzkorn incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

17. The TCPA states, in part:

3

It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1).

18.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

19.     The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

20.     The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

21.     The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone

4

number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

22.    The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation.  47 U.S.C. § 227(b)(3).

23.    Etzkorn brings this action pursuant to the provisions of Missouri Supreme Court Rule 52.08 individually, and on behalf of a class defined as:

> All persons in the United States who, from October 27, 2013, to the present, who received at least one text message on their cell phone from 3 Day Blinds and did not provide 3 Day Blinds their prior express written consent to receive such messages.

24.    Upon information and belief, 3 Day Blinds used an automatic telephone dialing system to send the text message to the cell phones of Haas and the putative class members.  3 Day Blind's dialing system stored the phone numbers of Etzkorn and the putative class members.    The numbers were dialed without human intervention.

25.    Upon information and belief, 3 Day Blinds sent text messages to the cell phones of Etzkorn and the putative class members without first obtaining their prior express written consent.

26.    By placing calls to the cell phones, in the form of text messages, to Etzkorn and the putative class members without obtaining their prior express written consent, 3 Day Blinds violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

27.    3 Day Blinds knew or should have known that Etzkorn and the putative class members did not provide their prior express written consent to receive text messages on their cell phones.

28.    Etzkorn and the putative class members are entitled to damages of $500.00 per text message made by 3 Day Blinds and up to $1,500.00 per text message if the Court finds that 3 Day Blinds willfully violated the TCPA.

29.    Upon information and belief, there are hundreds and possibly thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

30.    Etzkorn's claims are typical of the class he seeks to represent. Etzkorn and the putative class members were called by 3 Day Blinds through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Etzkorn's claims and the claims and the putative class members' claims are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Etzkorn and the putative class members.

31.    There are questions of law and fact common to the class. Common questions include, but are not limited to:

a.    Whether 3 Day Blinds sent text messages to the cell phones of the members of the putative class members without obtaining their prior express written consent to receive said calls;

b.    Whether 3 Day Blinds sent text messages to the cell phones of the putative class members using an automatic text messaging system;

6

c.     Whether 3 Day Blinds' conduct violates 47 U.S.C. § 227(b)(l)(A);

d.     Whether 3 Day Blinds' conduct violates the rules and regulations implementing the TCPA; and,

e.     Whether Etzkorn and the putative class members are entitled to increased damages based on the willfulness of 3 Day Bllinds' conduct.

32.     Etzkorn will fairly and adequately represent the putative class members.    Etzkorn has retained counsel experienced in the prosecution of class actions. Etzkorn is committed to vigorously prosecuting the claims presented in this petition. Neither Etzkorn nor Etzkorn's counsel have any interests adverse or in conflict with the absent class members.

33.     The questions of law and fact common to the putative class members predominate over any questions of fact affecting any individual member of the proposed class.

34.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

### Demand for Judgment

WHEREFORE Plaintiff Kevn P. Etzkorn, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a.     Enter an order, pursuant to Missouri Supreme Court Rule 52.08(b)(3), certifying this action as a class action and appointing Plaintiff Kevin P. Etzkorn as

7

representative of the class;

  b.  Enter an order appointing The Smith Law Firm, LLC, as counsel for the class;

  c.  Enter judgment in favor of Etzkorn and the putative-class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if 3 Day Blinds willfully violated the TCPA;

  d.  Award Etzkorn and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

  e.  Award Etzkorn and the class such further and other relief the Court deems just and appropriate.

Respectfully submitted,
THE SMITH LAW FIRM, LLC

/s/ Neil Smith
Neil Smith, MBN 56789
231 S. Bemiston, Suite 800
Clayton, Missouri 63105
Phone (314) 725-4400
Cellular (314) 974-3266
neil@smithlawfirm.com