**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN P. ETZKORN, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:17-cv-02836-JAR ) |
| 3 DAY BLINDS LLC, a Delaware limited liability company doing business in Missouri as 3DB of MO LLC, its registered name, | ) ) ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CONDITIONAL CERTIFICATION OF CLASS FOR SETTLEMENT**

COMES NOW Plaintiff Kevin P. Etzkorn by his undersigned counsel, and for his Unopposed Motion for Preliminary Approval of Class Settlement and Conditional Certification of Class for Settlement states:

1. After lengthy litigation and extensive negotiations, the parties have reached a settlement in this matter.

2. Plaintiff brings a class claim against Defendant 3 Day Blinds, LLC, a Delaware limited liability company doing business in Missouri as 3DB of MO LLC, its registered name ("3DB") alleging that 3DB and violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Specifically, Etzkorn contends that 3DB sent text messages to his cellular phone, and to the cellular phones of others, in violation of the TCPA.

3. The Parties request certification of the following settlement class:

> All persons in the United States who, at any time beginning on and including October 27, 2013, to the date of preliminary approval, received at least one text message advertisement on their cellular phone from, on behalf of, or promoting 3 Day Blinds LLC or its merchandise, and did not provide 3 Day Blinds their consent to receive such messages. Excluded from the Settlement Class are Plaintiff's Counsel, Defendant, officers and directors of Defendant, the immediate family members of such persons, and the members of the Missouri federal judiciary. A "Settlement Class Member" shall be defined as a member of the "Settlement Class" who is the primary user of the cellular phone number that received the text message. Only one individual per cellular phone number shall be eligible to participate as a Settlement Class Member. "Merchandise" is defined to mean any objects, wares, goods, commodities, intangibles, real estate, or services.

4. The proposed settlement class differs slightly from the proposed nationwide class described in the Complaint. Specifically, the changes to the class definition define more clearly who qualifies, and does not qualify, as a class member.

5. The parties desire to settle the action based upon the terms and conditions set forth in the executed Settlement Agreement, which is attached hereto as Exhibit 1.

6. Counsel for the parties have reviewed and analyzed the legal and factual issues presented in this action, reviewed and analyzed documents and data, considered the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, and after arms-length negotiations, including a mediation session before neutral Richard P. Sher of Sher Corwin Winters LLC, the parties reached a settlement.

7. As more fully detailed in the Settlement Agreement, the defendants have agreed to settle this action as follows:

a. <u>Total Payment.</u>  3DB will pay the total sum of $675,000 in settlement of class claims, to be allocated on a pro-rata basis among class members as described below, following the payment of the class representative award and attorneys' fees and expenses, and costs of administration; and,

b. <u>Payments to Class Members.</u>  Each Settlement Class Member who submits a valid claim from the settlement will be paid by check or electronic transfer.  The amount of each check depends on the number of Class Members submitting claims, the amount of each claim, and the number of individuals who wish to exclude themselves, if any.  If the Settlement Class Members do not cash their checks within 180 days of the date listed on the check, the amount of all uncashed checks shall be distributed to a charitable organization that is mutually agreed upon by the parties and approved by the court.  If the parties cannot agree on a charitable organization then the court will select one.

8. Plaintiff Kevin P. Etzkorn seeks to be appointed as representative of the settlement class.  He has no interests antagonistic to class members and will protect the interests of the settlement class.  The Smith Law Firm, LLC seeks to be appointed as counsel to the settlement class.  The firm has significant litigation experience, experience in consumer and class litigation, and will protect the interests of the class.

9. Plaintiff Kevin P. Etzkorn will request an incentive award of $7,500 for his service as class representative.  Counsel for the Settlement Class will submit a fee

application, requesting $185,000 as attorney fees in addition to documented litigation expenses of $6,925.

10. The parties have agreed to retain KCC Class Action Services, LLC ("KCC") as the settlement administrator. KCC is a nationally recognized settlement administration service, with extensive experience in the administration of class action settlements.

11. The parties request that the Court approve the form of class notices attached hereto as Exhibits 2 and 3. Exhibit 2 will be sent by U.S. mail to the last known address of the class members. Exhibit 3 will be posted on a website created by the claims administrator and made available to any class member who requests one be sent via US Mail.

12. The defendant denies that it has violated the TCPA and deny that that it has violated any other laws. The defendant, however, considers it desirable that this action and the claims alleged in this action be settled, provided that the settlement is not intended to be, and should not be, construed as an admission of liability in any respect.

13. The parties believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and is in the best interests of the Class.

WHEREFORE, the parties request that this Court enter an order which:

    a) Grants preliminary approval of the proposed settlement;

    b) Certifies the proposed settlement class;

    c) Appoints Kevin P. Etzkorn as class representative and The Smith Law Firm, LLC as counsel for the settlement class;

d) Approves KCC LLC as the settlement administrator;

e) Directs the mailing and distribution (as described herein) of the forms attached hereto as Exhibits 2 and 3 following preliminary approval of the proposed settlement, and further notice of the settlement;

f) Provides class members a specific number of days to object or exclude themselves from the settlement;

g) Schedules a date for a final approval hearing and hearing on Plaintiff's application for attorneys' fees and costs that complies with the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §1715(b)[1]; and,

h) Grants such further relief as the Court deems just and proper.

Respectfully submitted,
THE SMITH LAW FIRM, LLC

  /s/ Neil Smith
Neil Smith, #56789MO
231 S. Bemiston Ave., Suite 800
Clayton, MO 63105
Phone: (314) 725-4400
Cellular: (314) 974-3266
neil@smithlawfirm.com

*Attorney for Plaintiff and proposed Class*

CERTIFICATE OF SERVICE

---

[1] CAFA requires a defendant to provide notice to state and/or federal authorities within 10 days of the filing of this motion and proposed settlement, and requires the fairness hearing to be held not earlier than 90 days after that notice is provided. 28 U.S.C. §1715(b).

The undersigned hereby certifies that on the 2nd day of July, 2018, the foregoing was filed electronically with the Clerk of the court for the United States District Court for the Eastern District of Missouri, Eastern Division.

                                                                                     /s/ Neil Smith