**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN P. ETZKORN, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 4:17-cv-02836-JAR |
| | ) |
| 3 DAY BLINDS LLC, a Delaware limited liability company doing business in Missouri as 3DB of MO LLC, its registered name, | ) ) ) |
| | ) |
| Defendant. | ) |

## <u>ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT</u>

This matter came before the Court for hearing on Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement and Conditional Certification of Class for Settlement. (Doc. No. 26) The Court has been advised that the parties to this action, Kevin P. Etzkorn (hereinafter referred to as "Plaintiff" or "Class Representative"), and Defendant 3 Day Blinds LLC, a Delaware limited liability company doing business in Missouri as 3DB of MO LLC, its registered name (hereinafter referred to as "3DB"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in the Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

**NOW, THEREFORE**, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary

examination, the proposed settlement appears fair, reasonable, and adequate, and that a final fairness hearing should and will be held on **Monday, October 22, 2018 at 10:00 a.m. in Courtroom 12N** after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a final approval order should be entered in this Lawsuit:

 **IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of the action and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, Defendant 3DB or the Claims Administrator serve written Notice of the proposed class settlement on the United States Attorney General and/or the Attorneys Generals of states, as required by law.

3. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (referred to as the "Class Members") with respect to the claims asserted in this action:

> All persons in the United States who, at any time beginning on and including October 27, 2013, to the date of preliminary approval, received at least one text message advertisement on their cellular phone from, on behalf of, or promoting 3 Day Blinds LLC or its merchandise, and did not provide 3 Day Blinds their consent to receive such messages. Excluded from the Settlement Class are Plaintiff's Counsel, Defendant, officers and directors of Defendant, the immediate family members of such persons, and the members of the Missouri federal judiciary. A "Settlement Class Member" shall be defined as a member of the "Settlement Class" who is the primary user of the cellular phone number that received the text message. Only one individual per cellular phone number shall be eligible to participate as a Settlement Class Member. "Merchandise" is defined to mean any objects, wares, goods, commodities, intangibles, real estate, or services.

4.      **CLASS   REPRESENTATIVE   AND   CLASS   COUNSEL APPOINTMENT** - Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints Kevin P. Etzkorn as the Class Representative and Neil Smith of The Smith Law Firm, LLC as Class Counsel.

5.      **PRELIMINARY CLASS CERTIFICATION** - The Court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.      The Class Members are so numerous and geographically dispersed that joinder of all of them is impracticable;

B.      There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.      The claims of the Plaintiff are typical of the claims of the Class Members;

D.      The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members: and

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.  See *St. Louis Heart Center, Inc.* v. *Vein Centers for Excellence, Inc.,* No. 4:12-CV-174-CDP, 2013 WL 6498245 (E.D. Mo. Dec. 11, 2013).

6.      The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of

the Plaintiff's case, including the defenses asserted by Defendant; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the risk of collecting any judgment obtained on behalf of the class. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 931 (8th Cir. 2005) (setting forth factors to determine whether settlement is fair, reasonable, and adequate).

7.     **ADMINISTRATION** – A third party class administrator acceptable to the parties, will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members who can be identified through reasonable efforts. All costs of administration will be paid out of the Settlement Fund. Upon recommendation of the parties, the Court hereby appoints the following class administrator: KCC Class Action Services, LLC.

8.     **WRITTEN NOTICE** - The Court approves the form and substance of the notices, attached to the Motion for Preliminary Approval. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will cause the notice to be mailed to the Class Members as expeditiously as possible, but in no event later than Twenty Eight (28) days after the Court's entry of this order, i.e.*,* **no later than August 10, 2018**.  The class administrator will confirm, and if necessary, update the addresses for the Class Members

4

through standard methodology that the class administrator uses to update addresses.

9.      **EXCLUSIONS** - Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than Fourteen (14) days prior to the Final Approval Hearing, i.e., **October 8, 2018**.  To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number on which he or she received a text message from, on behalf of, or promoting Defendant or its merchandise during the class Period, and telephone number on which he or she can currently be reached, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement.

10.     **OBJECTIONS** - Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court no later than Fourteen (14) days prior to the Final Approval Hearing, **i.e., October 8, 2018**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attn: Neil Smith, The Smith Law Firm, LLC, 231 South Bemiston Ave., Suite 800, Clayton, MO 63105, and Counsel for Defendants, Attn: Glennon P. Fogarty, Matthew D. Knepper, Husch Blackwell LLP, 190 Carondelet Plaza, #600, St. Louis, MO 63105.

11.     To be effective, a notice of intent to object to the proposed settlement must:

A.      Contain a heading which includes the name of the case and case number;

B.      Provide the name, address, telephone number, and signature of the Class

5

Member filing the objection;

C.      Provide evidence demonstrating that the Class Member is a member of the Class;

D.      Be filed with the Clerk of the Court no later than 14 days prior to the Final Approval Hearing, i.e., **October 8, 2018**;

E.      Be sent to Class Counsel and Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 14 days prior to the Final Approval Hearing, i.e., **October 8, 2018**;

F.      Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of Missouri.

G.      Contain a detailed statement of the specific legal and factual basis for each and every objection; and

H.      Contain a list of any legal authority the objector will present at the settlement approval hearing.

12.      Any Class Member who has timely filed an objection must appear at the settlement approval hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. The right to object to the proposed settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and,

except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

13.     The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders and judgments in this litigation, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

14.     **SETTLEMENT PAYMENTS** - The class administrator will mail a settlement check, or send by electronic transfer, to each Class Member who does not exclude himself or herself from the class.  The settlement payments to the class members shall be sent via U.S. mail or electronic transfer no later than thirty (30) days after which both of the following occur: (a) the Court has signed the Final Approval Order dismissing with prejudice the claims of all Settlement Class Members (including Plaintiff) except those who properly excluded themselves from the Settlement Class as provided in the Settlement Notice, and (b) the time for filing an appeal has expired or, if appeals are filed, the date on which the Final Approval Order has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subjected to further appeal or review.

15.     **CLASS    REPRESENTATIVE    AWARD    TO    PLAINTIFF, ATTORNEY FEES AND LITIGATION COSTS -** Kevin P. Etzkorn will petition the Court to receive the sum $7,500 as acknowledgement of his role in prosecuting this case on behalf of the Class Members.  Class Counsel will petition the Court for an award of $185,000 in attorney fees and $6,926 in litigation costs.

16.    **FINAL APPROVAL** -The Court will conduct a hearing (hereinafter referred to as the "final approval hearing") on **Monday, October 22, 2018 at 10:00 a.m. in Courtroom 12N** at the United States District Court for the Eastern District of Missouri, Thomas F. Eagleton U.S. Courthouse, 111 South 10th Street, St. Louis, MO 63102, to review and rule upon the following issues:

A.    Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C.    Whether a final order approving the Settlement Agreement should be entered.

D.    To discuss and review other issues as the Court deems appropriate.

17.    Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the final approval hearing. The final approval hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

18.    Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than seven (7) days prior to the final approval hearing, i.e., **October 15, 2018**.

19.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

20.    The Court sets the following schedule:

| Date | Event |
|---|---|
| **July 13, 2018** | Preliminary Approval Order Entered |
| **August 10, 2018** | Notice Sent |
| **October 8, 2018** | Deadline to Send Exclusion or File Objection |
| **October 9, 2018** | Deadline to Submit Claim |
| **October 15, 2018** | Motion for Final Approval and Attorney Fees Papers Filed |
| **October 22, 2018** | Final Approval Hearing Held |

**IT IS SO ORDERED**.

Dated this 13th day of July, 2018.


_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE