## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KEVIN P. ETZKORN, individually, and on )
behalf of all others similarly situated, )
                         )
        Plaintiff, )
                         )
vs. )  Case No. 4:17-cv-02836-JAR
                         )
3 DAY BLINDS LLC, a Delaware limited )
liability company doing business in Missouri )
as 3DB of MO LLC, its registered name, )
                         )
        Defendant. )

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This matter came before the Court for hearing on October 22, 2018, upon the application of the parties for approval of the settlement set forth in the Settlement Agreement ("Agreement") by and between Plaintiff Kevin P. Etzkorn ("Etzkorn") and 3 Day Blinds, LLC ("3DB").

Due and adequate notice has been given to the Class, and the Court, having considered the Agreement, all papers filed, proceedings herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Court has jurisdiction over the subject matter of the action and over all settling parties hereto.

2.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, the Claims Administrator served written notice of the proposed class settlement on

the United States Attorney General and/or the Attorneys Generals of states, as required by law.

3.      On July 13, 2018, this Court preliminarily approved the Class Action Settlement reached between Etzkorn and 3DB, for the claims alleged in the above-captioned matter *Kevin P. Etzkorn v. 3 Day Blinds, LLC,* Case No. 4:17-cv-02836-JAR (the "Litigation") pending in the United States District Court for the Eastern District of Missouri. The Court approved the forms of notice and procedure for directing notice. The Court further appointed KCC Class Action Services, LLC ("KCC") as Claims Administrator, and appointed Neil Smith of the Smith Law Firm, LLC, as class counsel.

4.      On August 10, 2018, KCC mailed a single postcard summary notice to 120,005 class members. KCC established a toll free telephone number that Class Members could call, established a website with information regarding the settlement, that also allowed Class Members to submit claim forms online.

5.      The deadline to submit a request for exclusion ("opt out") was October 8, 2018. The deadline to submit an objection was also October 8, 2018. As of October 15, 2018, no objections were filed and only six individuals opted out.

6.      As of one week after the claims deadline, (i.e., October 15, 2018), KCC had received a total of 19,539 claim forms. As of October 15, 2018, KCC was able to validate 1,516 as valid and timely claims. KCC continues to determine the validity of all submitted claims. This process includes the directing of an additional mailing to claimants who have submitted defective claim forms. The number of valid claims will be between 1,516 and 19,539, with the exact figure likely to exceed 10,000.

7.     The Court, for purposes of this Final Order Approving Class Action Settlement (Final Order), adopts all defined terms as set forth in the Agreement.

8.     The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Members of the Class, and the Defendants.

9.     The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Missouri law and due process under the United States Constitution.

10.     The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release and other terms, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

11.     For purposes of effectuating this settlement this Court has certified the following class of persons who satisfy the following criteria. The Class is defined to include:

> All persons in the United States who, at any time beginning on and including October 27, 2013, to the date of preliminary approval, received at least one text message advertisement on their cellular phone from, on behalf of, or promoting 3 Day Blinds LLC or its merchandise, and did not provide 3 Day Blinds their consent to receive such messages. Excluded from the Settlement Class are Plaintiff's Counsel, Defendant, officers and directors of Defendant, the immediate family members of such persons, and the members of the Missouri federal judiciary. A "Settlement Class Member" shall be defined as a member of the "Settlement Class" who is the primary user of the cellular phone number that received the text message. Only one individual per cellular phone number shall be eligible to participate as a Settlement Class Member. "Merchandise" is defined to mean any objects, wares, goods, commodities, intangibles, real estate, or services.

12.     The Court finds that the Settlement Class meets the requirements of Rule 23 for settlement purposes.  Specifically, the Court finds that:

(a)     The Class is so numerous that joinder is impracticable.

(b)     There are questions of law and fact common to the members of the Classes, which common questions predominate over any questions that affect only individual Class members.

(c)     Plaintiff's claims are typical of the claims of the Class Members.

(d)     Plaintiff and Class Counsel have fairly and adequately represented the interests of the class members.

(e)     A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

13.     The Court has received Class Counsel's request for attorneys' fees and finds that Class Counsel's petition is fair and reasonable.

14.     No later than December 8, 2018, 3DB shall pay to KCC total funds of $675,000, minus any amounts already paid to date towards its $675,000 obligation.  Upon receipt, and no later than December 14, 2018, KCC shall distribute the following:

(1)     Fees of $185,000 to Class Counsel;

(2)     Verified expenses of $6,925 to Class Counsel;

(3)     Incentive award of $7,500 to Kevin P. Etzkorn;

(4)     Fees not to exceed $89,000 to KCC.

    (5)      Remainder of the settlement fund, not less than $386,575, disbursed *pro rata* to all Class Members who submitted a valid and timely claims, and did not exclude themselves from the settlement.

15.     The parties shall report to the Court within 200 days following issuance of payments to inform the Court as to the number and total amount of checks that remain uncashed and to recommend how and where such funds should be distributed. This report shall include a declaration from the Claims Administrator detailing the number and amount of uncashed checks, if any.

16.     Class Counsel shall file a dismissal with prejudice within seven days of said declaration being filed with the Court.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2018.

 

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**