**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN P. ETZKORN, individually, and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>3 DAY BLINDS LLC, a Delaware limited )<br>liability company doing business in Missouri )<br>as 3DB of MO LLC, its registered name, )<br>)<br>Defendant. ) | Case No. 4:17-cv-02836-JAR |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff's Motion to Dismiss. (Doc. No. 41). On October 22, 2018, the Court entered a final order approving a class action settlement in this case. (Doc. No. 38). Defendant 3 Day Blinds LLC ("3DB") was directed to pay the Claims Administrator total funds of $675,000 no later than December 8, 2018, and to distribute the settlement funds no later than December 14, 2018, in accordance with the terms of the parties' Settlement Agreement. The parties were further ordered to report to the Court within 200 days following issuance of payments "to inform the Court as to the number and total amount of checks that remain uncashed and to recommend how and where such funds should be distributed." (Id. at ¶ 15). This report was to include a declaration from the Claims Administrator detailing the number and amount of uncashed checks, if any. (Id.). Class counsel was then directed to file a dismissal with prejudice within seven days of said declaration being filed with the Court. (Id. at ¶ 16).

In their Joint Report and Recommendation for Distribution of Unused Settlement Funds filed July 15, 2019, the parties report that on December 14, 2018, 3,476 settlement

1

checks were mailed to class members totaling $386,565.96. The checks were issued with a void date of June 12, 2019. (Declaration of Orlando Castillejos on Behalf of Settlement Administrator Regarding Uncashed Checks ("KCC Declaration"), Doc. No. 40-1 at ¶ 3). According to the Settlement Administrator, as of July 9, 2019, a total of 3,363 checks had been cashed totaling $373,999.23, and 113 checks remain uncashed totaling $12,566.73. (Id.). The parties agree that redistribution of these unclaimed funds is not economically viable given the number of participating class members. Class counsel recommends distributing these funds to the settlement administrator as partial compensation for the additional work it performed sifting through duplicative and invalid claims for the benefit of the class, work that was not anticipated. Defendant's counsel does not oppose this recommendation.

As a general rule, "[i]f a settlement involves individual distributions to class members and funds remain after distributions …, the settlement should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair." In re Baby Prod. Antitrust Litig., 708 F.3d 163, 173 (3d Cir. 2013) (citing the American Law Institute ("ALI"), Principles of Aggregate Litigation § 3.07(a) (2010)). Here, after administration and mailing costs are deducted, each plaintiff would receive approximiately $1.04. (KCC Declaration at ¶ 6).

The role of a district court with regard to settlement in a class action is to determine whether the compromises reflected in the settlement - including those terms relating to the allocation of settlement funds - are fair, reasonable, and adequate when considered from

the perspective of the class as a whole. Id. Under the circumstances of this case, the Court finds that redistribution would not be economically feasible and that a distribution of the remaining funds to the Settlement Adminstrator is both reasonable and appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the remaining $12,566.73 in unclaimed funds be distributed to Kurtzman Carson Consultants, the Settlement Administrator in this case.

**IT IS FURTHER ORDERED** pursuant to the terms of the Settlement Agreement that this cause of action is **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 23(e).

Dated this 25th day of July, 2019.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**